**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CASIMIRO GALLARDO PACHECO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1519-R** |
| | ) | |
| **MARKWAYNE MULLIN et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Casimiro Gallardo Pacheco, a noncitizen[1] and Mexican national, proceeding with counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement (ICE). (ECF No. 1). United States District Judge David L. Russell referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondents filed a response. (ECF No. 7).

For the reasons set forth below, the undersigned recommends that the Court grant the Petition, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven business days or otherwise to release him if there is no hearing within that time.

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. BACKGROUND AND PETITIONER'S CLAIMS

Petitioner entered the United States since approximately 2008 and has lived in this country since that time. (ECF No. 1:6). On June 18, 2026, ICE officials placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. §§ 1182(a)(6)(A)(i) as someone who entered the United States without having been admitted or paroled. (ECF No. 1-3). On June 23, 2026, Petitioner filed a habeas Petition in this court, challenging his detention. (ECF No. 1).

In the Petition, Mr. Pacheco asserts a violation of the INA, as well as two violations of Due Process. (ECF No. 1:12-15). Petitioner asks the Court to immediately release him, or, in the alternative to order Respondents to provide him with a bond hearing. (ECF No. 1:15). Finally, Petitioner requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[2] (ECF No. 1:16). Petitioner is currently detained in the Cimarron Correctional Facility.[3]

## II. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through

---

[2] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this juncture.

[3] *See* https://locator.ice.gov/odls/#/results (last visited July 30, 2026).

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III. SECTION 1226(a) APPLIES TO PETITIONER'S DETENTION

In Count One, Petitioner alleges his detention without the opportunity for a bond hearing violates the INA. *See supra*. Petitioner is correct.

Under the INA, detention of aliens who are "applicants for admission"[4] and "seeking admission" is mandatory under 8 U.S.C. § 1225(b)(2)(A). By contrast, § 1226(a) provides for the arrest of aliens on a warrant and grants ICE the discretion to continue detention of the alien or to release the alien on bond.[5] On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz v. Mullin*, --- F.4th ---, 2026 WL 1876709. The court held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at *5. The court reasoned based on the statutory text and context that:

---

[4] 8 U.S.C. § 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." The statute defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13).

[5] The regulations accompanying the statute explain the various levels of review for a bond determination. An ICE officer makes the initial detention or release determination, and the alien bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If the officer determines the alien should be detained, the alien can seek review of that decision at a bond hearing before an immigration judge. Id. § 236.1(d)(1). An immigration judge's decision to detain may be further appealed to the Board of Immigration Appeals (BIA). Id. § 236.1(d)(3). *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

> once a noncitizen has entered unlawfully, no amount of legal maneuvering allows him to go back in time and make his initial entry lawful. The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

*Id.* at *7. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances, as Respondent concedes. *See* ECF No. 7:1 ("Respondents . . . respectfully submit that this matter is controlled by the Tenth Circuit's opinion in *Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026).").

Based on the Tenth Circuit's decision in *Santillan Quiroz*, and Respondents' concession as to the same controlling the outcome of this case, the undersigned concludes that Petitioner, who was detained on June 18, 2026, in the interior of the United States years after having entered this country, is subject to detention under § 1226(a). However, he has not been granted the bond hearing provided in that statute. Thus, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). A bond hearing is the appropriate remedy. *Santillan Quiroz*, 2026 WL 1876709 at *17 n.13. *See Singh v. Cerna*, No. CIV-26-757-R, 2026 WL 1973892, at *1 (W.D. Okla. July 8, 2026).

## IV. PETITIONER'S REMAINING CLAIMS

As stated, Petitioner has also alleged two violations of Due Process. First, he alleges his current detention without a bond hearing violates Due Process and second, he alleges that if a bond hearing is granted, the imposition of an "excessive bond" amount would constitute a "constructive denial of bond" in violation of Due Process. *See* ECF No. 1:12-15.

If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends that the Court decline to decide the merits of the due process claim based on his continued detention. *See, e.g., Moreta-Mateo v. Warden, Diamondback Correctional Facility,* No. CIV-26-539-J, 2026 WL 1822994, at *1 (W.D. Okla. June 24, 2026) ("Because the Court grants Petitioner relief under the INA, it declines to address her constitutional claim.").

In the second Due Process claim, Petitioner argues that if the Court orders a bond hearing under § 1226, the Court must ensure the immigration Judge (IJ) complies with due process by ordering the IJ to: (1) consider Petitioner's ability to pay when setting the bond amount, (2) ensure that any bond is reasonably calculated, (3) consider less restrictive alternatives to detention, and (4) articulate specific findings. (ECF No. 1:14-15).

The undersigned recommends that the Court decline to address this additional claim for relief. First, the claim is unripe, as the Court cannot adjudicate a future due process violation based on a speculatory bond amount. *See United States v. Cabral*, 926 F.3d 687, 693 (10th Cir. 2019) ("Thus, a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998) (citation modified)). Second, the undersigned questions whether the Court would have jurisdiction to review such a claim of excessive bond. By statute, "the Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review" and "no court may set aside any action or decision by the Attorney General under this section regarding the . . . denial of bond or parole" of any noncitizen. 8 U.S.C. § 1226(e) (citation

modified); *see also Pelletier v. United States*, 653 F. App'x 618, 622 (10th Cir. 2016) ("To the extent that [petitioner] seeks modification of or release from the conditions of his bond, 8 U.S.C. § 1226(e) expressly bars judicial review . . ..").

## V. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT, IN PART,** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. It is further recommended that the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **August 5, 2026**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on July 30, 2026.

Shon T. Erwin

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE